UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE (UNASSIGNED)

| | |
|---|---|
| DEL MONTE FRESH PRODUCE NA, INC., PLEXUS CORP., AND PLEXUS INTERNATIONAL SALES AND LOGISTICS, LLC<br>　　　　　　　PLAINTIFFS,<br><br>　　　　　v.<br><br>UNITED STATES<br>　　　　　　　DEFENDANT | COURT NO.  25-00244 |

## COMPLAINT

Plaintiffs, Del Monte Fresh Produce NA, Inc., Plexus Corp., and Plexus International Sales and Logistics, LLC by and through their undersigned attorney, allege the following as their Complaint:

1. This action contests Defendant's imposition of duties on Plaintiffs' imported merchandise pursuant to Executive Orders 14193 (February 1, 2025) as amended, 14194 (February 1, 2025) as amended, 14195 (February 1, 2025) as amended, and 14257 (April 2, 2025) as amended, which created in the Harmonized Tariff Schedule of United States (HTSUS) new dutiable provisions including, but not limited to, HTSUS Subheadings 9903.01.01,

9903.01.10, 9903.01.20, 9903.01.24, 9903.01.25, 9903.01.63, 9903.02.14, and 9903.02.17.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1), and this action is timely filed pursuant to CIT Rule 6(a)(1) and 28 U.S.C. § 2636(i) within two years after the cause of action first accrued on February 1, 2025.

3. All Plaintiffs in this action have paid and continue to pay the duties that are being contested by this action, and have standing pursuant to 28 U.S.C. § 2636(i).

4. Executive Orders 14193, 14194, 14195, and 14257 cite to and rely upon the following statutes as legal authority for imposing the contested duties: the International Emergency Economic Powers Act (50 U.S.C. § 1701 et seq.); the National Emergencies Act (50 U.S.C. § 1601 et seq.); section 604 of the Trade Act of 1974, as amended (19 U.S.C. § 2483); and section 301 of title 3, United States Code (3 U.S.C. § 301).

5. The International Emergency Economic Powers Act (50 U.S.C. § 1701 et seq.) (IEEPA) does not authorize the contested duties. IEEPA does not authorize amending the HTSUS to impose duties, or, alternatively, IEEPA does not authorize the imposition of duties of the amount and breadth of the contested duties. IEEPA actions require an unusual or extraordinary threat, which is absent. IEEPA actions may only be exercised to deal with an unusual or extraordinary threat, and the contested duties do not deal with the threats alleged in the Executive Orders that impose the contested duties.

6. The National Emergencies Act (50 U.S.C. § 1601 et seq.) does not authorize the contested duties; it merely governs procedures for declaring and ending national emergencies.

7. Section 604 of the Trade Act of 1974, as amended (19 U.S.C. § 2483) does not authorize the contested duties, it merely allows the President to update the HTSUS but not to impose significant new duties.

8. Section 301 of title 3, United States Code (3 U.S.C. § 301) does not authorize the contested duties, it merely allows the President to delegate powers within the Executive Branch.

9. The imposition of the contested duties is not authorized by any law or statute.

10. The imposition of the contested duties by Executive Orders that changed the HTSUS to significantly increase United States duty collections on imported merchandise is an unconstitutional assumption by the President of the exclusive powers granted to Congress in Article I of the U.S. Constitution to legislate, to regulate commerce with foreign nations, and to collect revenue through taxes and duties.

11. Alternatively, any statute authorizing the contested duties is an unconstitutional delegation of authority from Congress to the President.

### Request for Relief

WHEREFORE, Plaintiffs request this Honorable Court to enter judgment in their favor, ordering Defendant to refund all contested duties that Plaintiffs have paid with interest, and ordering Defendant to cease assessing the contested duties on merchandise imported by Plaintiffs, and to grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Myron Paul Barlow
Myron Paul Barlow
Barlow and Company, LLC
5335 Wisconsin Avenue, NW STE 440
Washington, DC  20015
Tel: (410) 804-1447
mb@barlowpllc.com

Dated: November 6, 2025

## CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on November 6, 2025 copies of Plaintiffs' Summons and Complaint were served on the following parties by certified mail, return receipt requested.

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, New York 10278

/s/ Myron Paul Barlow
Myron Paul Barlow